# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PEDEN, | CV F  02 6115 OWW LJO P |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO EXTEND DISCOVERY (Doc. 39, 40.) |
| KERN COUNTY SHERIFF'S, et. al., | ORDER DENYING PLAINTIFF'S REQUEST TO EXTEND DEADLINES AND FOR COPIES OF COURT DOCUMENTS (Doc. 41, 42.) |
| Defendants. | |

MICHAEL PEDEN ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 4, 2004, this Court issued a Scheduling Order setting forth a discovery deadline of April 27, 2005, an Amended Pleadings deadline of May 27, 2005, and a dispositive motion deadline of June 27, 2005.

On April 25, 2005, Defendants moved for an extension of the discovery deadline in order to depose Debra Bowker, M.D.

On April 28, 2005, Plaintiff moved for a ninety day extension of all deadlines. Plaintiff states that this time is needed because he has very limited knowledge of the law, the law library

1

access is limited, and that he no longer has copies of certain Court Orders.

On April 29, 2005, Plaintiff again filed a Motion for an Extension of time.  In this document, Plaintiff states that he cannot proceed without copies of Court document numbers 32, 33, and 34.

**A. Defendant's Motion to Extend Discovery Deadline**

Defendant's state in the application to extend discovery that Defendants were unable to serve Dr. Debra Bowker at her last known address and thus, an extension of time to conduct her deposition is needed.  Good cause having been shown, Defendant's Motion to Extend the Discovery Deadline for the purpose of conducting a deposition of Dr. Bowker is GRANTED to and including May 27, 2005.  See, Fed.R.Civ.P. 16(b).

**B. Plaintiff's Request to Extend All Deadlines and for Copies**

As stated above, Plaintiff has also requested an extension of time of ALL deadlines.  Plaintiff states that he cannot prosecute the action until he has copies of court documents 32, 34, 33.)  Plaintiff asks that the Court send him these copies.  Plaintiff also states that he has limited access to the law library and for these reasons, the Court should extend all the deadlines.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."  Fed.R.Civ.P. 16(b).

In this case, Plaintiff's justification that he cannot pursue the case because of limited law library access and the absence of various court documents is insufficient to demonstrate good cause.  Plaintiff does not indicate that more time is needed for any purpose relating to an outstanding Court deadline.  Further, it is unclear why Plaintiff would require access to the law library.  Currently, a Motion to Compel is outstanding for Plaintiff's failure to respond to discovery propounded by Defendants.  However, such documents do not require legal research.  In any event, Plaintiff's circumstances are no different from the hundreds of prisoners litigating similar cases under the same restrictions.  Thus, the fact that the law library is temporarily closed is insufficient to extend all deadlines and stay the case.

Finally, the Court finds that the absence of court documents that Plaintiff claims are

2

1 necessary to the prosecution of his case, are unnecessary.  These documents consist of a an order
2 disregarding a motion to extend time, a Motion to Amend filed by Plaintiff and an Order denying
3 the Motion to Amend.  The absence of these documents in no way prevents Plaintiff from
4 prosecuting the action.  Further, to the extent Plaintiff wishes to have copies of these documents
5 for his records, he need only write to the Clerk of Court, request the copies and submit the fee.
6 Requesting copies of documents via a Motion is improper.

7        Accordingly, Plaintiff has failed to demonstrate good cause and his Requests to extend
8 deadlines and for copies are DENIED.

10 IT IS SO ORDERED.

11 **Dated:    May 7, 2005**                    **/s/ Lawrence J. O'Neill**
   b9ed48                                       UNITED STATES MAGISTRATE JUDGE